### STRASBURGER *et al. v.* BACHRACH.

(*Supreme Court, General Term, First Department.*   February 11, 1891.)

ATTACHMENT—SUFFICIENCY OF AFFIDAVIT.

> An attachment, issued upon the ground that defendant had disposed of his property with intent to defraud his creditors, was granted upon affidavits alleging that defendant had made false statements as to his financial condition when he purchased plaintiffs' goods, and that defendant had fraudulently confessed judgments. *Held* that, it appearing from such affidavits that some portion of the claims upon which the judgments were based arose subsequent to the time when the representations to plaintiffs were claimed to have been made, the attachment was properly vacated.

Appeal from special term, New York county.

Action by Louis Strasburger and others against Nathan Bachrach to recover $2,361.24 for goods sold and delivered.   Plaintiffs appeal from an order vacating an attachment on the papers on which the same was issued. The ground of the attachment, as stated in the warrant, was that "the defendant has assigned or disposed of his property with intent to defraud his creditors." · The affidavits upon which the attachment was issued were as follows:

"Alvin L. Strasburger, being duly sworn, deposes and says that he is a. member of the firm of Louis Strasburger & Co., composed of the above-named plaintiffs, who are copartners in business in the city of New York; that heretofore, and on the 2d day of September, 1890, the above-named plaintiffs sold and delivered to the above-named defendant certain goods, wares, and merchandise at the agreed price of two thousand three hundred and sixty-one and 24-100 ($2,361.24) dollars, which was the fair and reasonable value of said goods, and that the full sum of two thousand three hundred and sixty-one and 24-100 ($2,361.24) dollars is now due to the plaintiffs over and above all counter-claims and offsets known to deponent.   Deponent avers that the above-named defendant has fraudulently disposed of his property, with intent to cheat and defraud the above-named plaintiffs and his creditors, and the grounds of his belief are as follows:   At the time of the purchase by the defendant of the goods above mentioned, deponent, who had made the sale through the son of the defendant, Joseph Bachrach, who represented the defendant in said matter, and who was in business with him, gave deponent a statement to the effect that his stock was fully worth the sum of five thousand dollars, and that they had good outstanding collectible accounts valued at $8,000, making a total assets of $13,000, and that they did not owe in all for all purposes more than thirteen thousand dollars, and that the defendant, his father, was worth net the sum of $9,000 over and above all his debts and liabilities, according to their inventory of January 1, 1890.   That in September, when these representations were made, he stated they owed even less than $4,000, and that the total liabilities would not exceed $2,300, which were all for business debts.   That yesterday, December 11, 1890, judgments were entered in the supreme court against the above-named defendant, one in favor of Joseph Bachrach for the sum of $2,917.97, and another in favor of A. M. Bachrach for the sum of $1,715.01.   That Joseph Bachrach is the

son of defendant, and the one who made the representations to deponent. Deponent avers that these judgments are founded on fictitious claims, and that this is a scheme to dispose of the assets of the defendant for the purpose of cheating plaintiffs.  That according to the representations of defendant his stock did not amount to more than about $5,000, and, if defendant is permitted to sell under the judgments above named, there will be no tangible assets to apply to the claim of the plaintiffs.  Deponent therefore asks that a warrant of attachment issue against the property of defendant.  No previous application for the relief asked for herein has been made."

"Louis Strasburger, being duly sworn, deposes and says that he is one of the plaintiffs in the above-entitled action; that on Tuesday of this week he had a conversation with the above-named defendant in the presence of his son, (Joseph Bachrach,) deponent having called upon the defendant because he had heard that he was buying very heavily; when questioning the defendant as to whether it was so, said defendant claimed that he was not buying too heavily; that he was perfectly solvent; and that no creditor need be afraid, as they would be paid in full."

"Jacob Lorsch, being duly sworn, deposes and says that he is an attorney at law, and clerk in the office of Hays & Greenbaum, attorneys for the plaintiff in the above-entitled action.  That he has examined the judgment roll entered December 11, 1890, in the cases of *Joseph Bachrach* v. *Nathan Bachrach,* of *Abraham M. Bachrach* v. *Nathan Bachrach.*  That from an examination of the judgment roll entered in the case of Joseph Bachrach against Nathan Bachrach deponent states that the judgment is entered for the sum of $2,845 on two alleged causes of action; the first alleged cause of action being for money loaned April 1, 1890, amounting to $700; and the second alleged cause of action being for work, labor, and services in the management of defendant's jewelry store at $100 a month, amounting to $2,625, performed for defendant since 1888, upon which said Joseph Bachrach claimed to have received $480.  That said judgments are entered upon offer of judgment and acceptance of offer.  That the judgment in the case of Abraham M. Bachrach against Nathan Bachrach is entered upon three alleged causes of action,—the first upon an account stated of August 15, 1889, for $212; the second for balance due for goods sold and delivered between September 19, 1889, and September 12, 1890, amounting to the sum of $1,032.71; the third alleged cause of action being for money loaned between May 23, 1889, and December 8, 1890, amounting to $725, of which sum $310 was paid on account.  That these judgments are entered in the supreme court, and that both judgments were entered on offers of acceptance."

"Jacob Lorsch, being duly sworn, deposes and says that he is an attorney at law, and a clerk in the office of Hays & Greenbaum, attorneys for the plaintiffs herein.  That he has been informed by the deputy-sheriff who has charge of the executions against Nathan Bachrach that there is comparatively little property in the store; and that he was also informed by the said deputy-sheriff that there was not near enough property to satisfy the two executions, amounting to a little more than $4,500, under which he had levied upon the property of the said Bachrach."

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Hays & Greenbaum,* for appellants.   *Drachman & Nelson,* for respondent.

O'BRIEN, J.  The motion to vacate the attachment was made upon the papers upon which the same was issued.  An examination of these will show that, even if we assume that all the statements made with reference to the condition of the assets and liabilities of the defendant were true, there is no proof furnished that the judgments subsequently entered were fraudulent, for the reason that it appears from the papers that some portion of the claims upon which the judgments were based arose subsequent to the time when the

representations themselves were claimed to have been made. It is apparent that the affidavits were not drawn with care, and an examination of them justifies the conclusion reached by the learned judge from whose order this appeal is taken. The order should therefore be affirmed, with $10 costs and disbursements. All concur.